IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01949-BNB

ROBERT E. STALLINGS,

    Plaintiff, named as Plaintiff-Appellant,

v.

DISTRICT ATTORNEY OFFICE, et al.,
(All individually and in their official capacities),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Robert E. Stallings, currently is incarcerated at the Criminal Justice Center in Colorado Springs, Colorado. He has filed *pro se* a document titled "On Appeal from the 4th Judicial District Court of El Paso County, The Honorable Prince, Judge, Pursuant to 42 U.S.C. 1983 Relief," which he apparently intended as a complaint because on August 26, 2009, he filed a motion to amend that document.

    Mr. Stallings has not yet cured the deficiencies designated in the August 17, 2009, order to commence and cure and, therefore, he has not yet been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He continues to be required to cure all the deficiencies listed in the August 17 order. However, for the reasons stated below, the Court will allow Mr. Stallings twenty days from the date of this order in which to cure all the designated deficiencies. Rather of being directed simply to submit an amended complaint on the proper form and to list all parties in the caption to the complaint instead of using *et al.*, as he was directed in the August 17 order, this order also will direct Mr. Stallings to submit the amended complaint in a format that

complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Therefore, the motion to amend Mr. Stallings filed on August 26, 2009, will be denied as unnecessary.

The Court must construe liberally Mr. Stallings' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the document titled "On Appeal from the 4th Judicial District Court of El Paso County, The Honorable Prince, Judge, Pursuant to 42 U.S.C. 1983 Relief," which Mr. Stallings apparently intended as a complaint. The Court finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Stallings' complaint is rambling and verbose. He fails to state his claims in a clear, succinct, and factual manner. He must show the personal participation of each named Defendant in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Stallings must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Stallings will be directed to file an amended complaint asserting all of the claims he seeks to assert against all the Defendants he plans to sue. Mr. Stallings is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Stallings will be barred from filing any motions or other

papers, except for those seeking emergency relief related to his personal safety, until he files the amended complaint as ordered below.  Accordingly, it is

ORDERED that Plaintiff, Robert E. Stallings, file **within twenty (20) days from the date of this order** an amended complaint that complies with this order.  It is

FURTHER ORDERED that the motion to amend that Mr. Stallings filed on August 26, 2009, is denied as unnecessary.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Stallings, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Stallings remains obligated **within twenty (20) days from the date of this order** to cure all the deficiencies designated in the August 17, 2009, order to commence and cure, as well as the deficiencies discussed in this order.  It is

FURTHER ORDERED that, Mr. Stallings is barred from filing any motions or other papers, except for those seeking emergency relief related to his personal safety, until he files the amended complaint as discussed in this order.  It is

FURTHER ORDERED that, if Mr. Stallings fails within the time allowed to file an amended complaint that complies with this order or to cure all the deficiencies designated in the August 17, 2009, order to commence and cure, the complaint and the action will be dismissed without further notice.

DATED September 2, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01949-BNB

Robert E. Stallings
Prisoner No. A0223731
Criminal Justice Center
2739 E. Las Vegas St.
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/2/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk