IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01949-BNB

ROBERT E. STALLINGS,

    Plaintiff,

v.

PUBLIC DEFENDER'S OFFICE,
DISTRICT ATTORNEY'S MANAGER,
TERRY MAKETA, Sheriff,
FRAN LEPAGE, Program Manager,
BRANDT, Lieutenant,
KING, Commander, and
MARK EAST, All individually and in their official capacities,

    Defendants.

FILED
UNITED STATES DISTRICT COURT

NOV 05 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Robert E. Stallings, was incarcerated at the Criminal Justice Center in Colorado Springs, Colorado, when he filed *pro se* a document titled "On Appeal from the 4th Judicial District Court of El Paso County, The Honorable Prince, Judge, Pursuant to 42 U.S.C. 1983 Relief," which he apparently intended as a complaint. He has since informed the Court that he is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On September 2, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Stallings to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal

participation of each named Defendant. On September 8, 2009, before he received his copy of the September 2 order to amend, Mr. Stallings filed a 161-page amended complaint asserting three claims. On September 9, 2009, he filed a notice of change of address, informing the Court that he currently was confined at the Denver Reception and Diagnostic Center. On September 10, 2009, Magistrate Judge Boland entered a minute order directing the clerk of the Court to remail to Mr. Stallings at the Denver Reception and Diagnostic Center a copy of the Court's September 9, 2009, order directing him to file an amended complaint, among other documents. On September 18, 2009, Mr. Stallings responded to the September 10 minute order by asking the Court to accept as the amended complaint he was ordered to file the amended complaint he submitted on September 8. On October 13, 2009, Mr. Stallings filed another notice of change of address, informing the Court that he currently is confined at the Arrowhead Correctional Center.

The Court must construe liberally Mr. Stallings' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The Court has reviewed the 161-page amended complaint Mr. Stallings filed on September 8, 2009, and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Stallings' amended complaint is rambling and verbose. He fails to state his claims in a clear, succinct, and factual manner. He fails to show clearly the personal participation of each named Defendant in the asserted claims. As Magistrate Judge Boland pointed out in the September 2, 2009, order for an amended complaint, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Stallings must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of

respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In the September 2, 2009, order for an amended complaint, Magistrate Judge Boland informed Mr. Stallings that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Stallings has failed to do so.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Mr. Stallings may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the amended complaint filed on September 8, 2009, by Plaintiff, Robert E. Stallings, is dismissed without prejudice for failure to comply with the directives of the September 2, 2009, order for an amended complaint.

DATED at Denver, Colorado, this 4th day of Nov., 2009.

BY THE COURT:

Zita Leeson Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01949-BNB

Robert E. Stallings
Prisoner No. 136958
ACC
P.O. Box 300
Cañon City, CO 81215- 0300

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/6/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk